**ACKER & WHIPPLE**
A Professional Corporation
STEPHEN ACKER, State Bar No. 64996
BRADLEY P. CHILDERS, SBN: 143343
811 Wilshire Boulevard, Suite 700
Los Angeles, California 90017
Phone: (213) 347-0240
Fax: (213) 623-1957
Email: StephenAckerAackerandWhipple.com
BradChilders@AckerandWhipple.com

Attorneys for NUTRIBULLET, L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KOURTNI NICOLE BEEBE, an individual<br><br>Plaintiffs,<br><br>v.<br><br>NUTRIBULLET, L.L.C., a California Limited Liability Company, and DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 2:17-00828-FMO-(AFMx)<br><br>*Assigned to:*<br>Hon. Michael W. Fitzgerald;<br>Magistrate: Hon. Alexander F. MacKinnon<br><br>**STIPULATED PROTECTIVE ORDER [PROPOSED]**<br><br>Complaint filed: 02/01/17<br>Discovery Cut-off: 03/23/18<br>Pre-Trial Conf.: 09/21/18<br>Trial: 10/09/18 |

///
///
///
///

1.
STIPULATED PROTECTIVE ORDER

# TABLE OF CONTENTS

1.   A.  PURPOSES AND LIMITATIONS .................................................... 1
     B.  GOOD CAUSE STATEMENT ...................................................... 2
2. DEFINITIONS ........................................................................................ 3
   2.1   Action ............................................................................................ 3
   2.2   Challenging Party ......................................................................... 3
   2.3   "CONFIDENTIAL" Information or Items .................................... 3
   2.4   Counsel ......................................................................................... 3
   2.5   Designating Party ......................................................................... 3
   2.6   Disclosure or Discovery Material ................................................ 3
   2.7   Expert ........................................................................................... 3
   2.8   "HIGHLY CONFIDENTIAL-ATTORNEY EYES ONLY" ......... 3
   2.9   House Counsel ............................................................................. 4
   2.10 Law Enforcement Personnel ........................................................ 4
   2.11 Non-Party ..................................................................................... 4
   2.12 Outside Counsel of Record .......................................................... 4
   2.13 Party ............................................................................................. 4
   2.14 Producing Party ............................................................................ 4
   2.15 Professional Vendors ................................................................... 4
   2.16 Protected Material ........................................................................ 4
   2.17 Receiving Party ............................................................................ 5
3. SCOPE ................................................................................................... 5
4. DESIGNATING PROTECTED MATERIAL ...................................... 5
   4.1   Exercise of Restraint and Care in ................................................ 5
         Designating Material for Protection
   4.2   Manner and Timing of Designations ........................................... 6
   4.3   Inadvertent Failures to Designate ................................................ 7

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS ................... 7
    5.1    Timing of Challenges ................................................................. 7
    5.2    Meet and Confer ........................................................................ 7
    5.3    Joint Stipulation ......................................................................... 7
    5.4    The Burden of Persuasion in any such challenge ........................... 8
           proceeding shall be on the Designating Party
6. ACCESS TO AND USE OF PROTECTED MATERIAL ...................... 8
    6.1    Basic Principles ......................................................................... 8
    6.2    Disclosure of "CONFIDENTIAL" Information or Items ................ 8
    6.3    Disclosure of "HIGHLY CONFIDENTIAL- ................................. 10
           ATTORNEY-EYES ONLY" Information or Items
7. PROTECTED MATERIAL SUBPPOENAED OR ORDERD ................. 11
    PRODUCED IN OTHER LITIGATION
8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT ..................... 12
    TO BE PRODUCED IN THIS ACTION
9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL ...... 13
10. MISCELLANEOUS ..................................................................... 13
    10.1    Right to Further Relief. ............................................................. 13
    10.2    Right to Ascertain Other Objections ............................................ 13
    10.3    Filing Protected Material ........................................................... 13
11. FINAL DISPOSITION ................................................................. 14
12. VIOLATION ............................................................................... 15

1 | This matter having come before the Court pursuant to Local Civil Rule 37-
2 | 2.1, and Plaintiff Kourtni Nicole Beebe ("Plaintiff") and Defendant Nutribullet,
3 | L.L.C. ("Defendant" and collectively with Plaintiff the "Parties" or individually as
4 | "Party") having stipulated to the process set forth herein, it is hereby ORDERED:

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Action may involve production of confidential, proprietary, or private information requiring special protection from public disclosure and use for purposes other than this litigation. Accordingly, the Parties stipulate to and petition the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties also acknowledge that Plaintiffs, pursuant to 12 U.S.C. § 5566, have an obligation to transmit to the Attorney General of the United States evidence that may constitute a Federal crime, and pursuant to 12 CFR § 1070.45(a)(5), may disclose confidential investigative information in summary form to law enforcement and other government agencies to the extent necessary to notify such agencies of potential violations of laws subject to their jurisdiction. Plaintiffs further acknowledge its obligations and restrictions under 12 CFR § 1070.41 on its ability to disclose confidential information except as required by law and as provided in 12 CFR Part 1070, and as provided in 5 U.S.C. § 552a. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the Parties must comply with Local Rule 79-5 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

///

| | |
|---|---|
| 1 | ## B. GOOD CAUSE STATEMENT |

1      B.     GOOD CAUSE STATEMENT

2      This action is likely to involve the exchange of non-publicly-available documents and other information of a sensitive, confidential, or proprietary nature, including federal agency records, loan files containing confidential borrower information, and other governmental and corporate records that may contain confidential and personally identifiable information[1] ("PII"), including social security numbers, federal personal addresses, personal email addresses, and bank statements.  Special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted for these documents and other information. Such sensitive, confidential and proprietary documents and other information consist of, among other things, confidential business or financial information, information regarding borrowers (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that a confidential designation will not be made for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner,

---

[1] Office of Management and Budget (OMB) Memorandum 07-16, Safeguarding Against and Responding to the Breach of Personally Identifiable Information, May 22, 2007(OMB M-07-16), defines PII as "information which can be used to distinguish or trace an individual's identity, such as their name, social security number, biometric records, etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc."

and that there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    Action: The following case pending in the United States District Court for the Central District of California: *Kourtni Nicole Beebe. v. Nutribullet*, L.L.C., et al. Case No. 2:17-cv-00828-FMO-AFM.

    2.2    Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

    2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

    2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, unless and until such person is excluded by order of the Court.

    2.8.    "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY": competitively sensitive information such as trade secrets or proprietary business

3.

practices that if revealed to another Party would put the Designating Party at a competitive disadvantage or provide the Receiving Party with an unfair competitive advantage. This designation shall also apply to the matters set forth under section 4.2 below, except that Plaintiffs may treat material designated as "Highly Confidential – Attorney Eyes Only" as though it were marked "Confidential" under this Order.

2.9 House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Law Enforcement Personnel: employees of a United States federal or state entity charged with enforcing criminal or civil laws.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.12 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.13 Party: any party to this Action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record.

2.14 Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 Professional Vendors: persons or entities that provide litigation-support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is

4.

designated as "CONFIDENTIAL."

2.17 <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial, except as stated explicitly herein.

4. <u>DESIGNATING PROTECTED MATERIAL</u>

4.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it

STIPULATED PROTECTIVE ORDER

designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

      4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

      Designation in conformity with this Order requires:

      (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" (hereinafter "CONFIDENTIAL/HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL– ATTORNEY EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL/HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

STIPULATED PROTECTIVE ORDER

(b) for testimony given in depositions, the protected testimony the Designating Party identifies (i) on the record before the close of the deposition, or (ii) up to 14 days after receipt of the deposition transcript if on the record during the deposition or in writing before the end of the next business day after the deposition, the Designating Party indicates an intent to so identify protected testimony. Before the expiration of the 14-day period for designation, a transcript shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and this Protective Order.

5.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

5.3 <u>Joint Stipulation</u>. All challenges to confidentiality designations shall

proceed under Local Rule 37-1 through Local Rule 37-4, including the requirement to submit challenges to the Court via a joint stipulation pursuant to Local Rule 37-2.

  5.4 <u>The burden of persuasion in any such challenge proceeding shall be on the Designating Party.</u> Frivolous challenges or designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging or Designating Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

  6.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action unless another use is authorized by this Order or required by federal statute or regulation applicable to Plaintiffs. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this Action, as well

as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material   may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j)  where Plaintiffs are disclosing any information or item to the Attorney General of the United States pursuant to 12 U.S.C. § 5566 or to any Law

Enforcement Personnel pursuant to 12 CFR Part 1070, and subject to the requirements in section 7 herein.

    6.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY" only to:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court and its personnel;

    (e) court reporters and their staff;

    (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

## 7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action, as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation, or the U.S. Attorney General, Law Enforcement Personnel or other government agency personnel who will receive such Protected Material, that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

11.

Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

8. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

(a) The terms of this Order are applicable to information produced by a Non- Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the

12.
STIPULATED PROTECTIVE ORDER

confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. MISCELLANEOUS

10.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

10.3 Filing Protected Material. Without written permission from the Designing Party or a Court order, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific

Protected Material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, Parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a Party other than the designator will often be seeking to file designated material, cooperation between the Parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

11. FINAL DISPOSITION

The confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing, a court order otherwise directs or the Action reaches final disposition. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material or retain such material in compliance with federal recordkeeping requirements in a manner that ensures the confidentiality of the material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material except as required to comply with federal recordkeeping requirements. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating

Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

12. <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and monetary sanctions.

Dated: February 27, 2018  **ABIR COHEN TREYZON SALO, LLP**

By _____//s//_____
    AARON LAVINE
    DEREK CHAIKEN
    DOUGLAS ROCHEN
    BORIS TREYZON
    Attorneys for Plaintiff
    KOURTNEY NICOLE BEEBE

Dated: February 1, 2018  **ACKER & WHIPPLE**

By _____//s//_____
    STEPHEN ACKER
    BRADLEY P. CHILDERS
    Attorneys for Defendant,
    NUTRIBULLET, L.L.C.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: 5/15/2018  _____
    Alexander F. MacKinnon
    United States Magistrate Judge

15.

STIPULATED PROTECTIVE ORDER

# EXHIBIT "A"
# ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER

I,_____[print or type full name], of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on_____[date] in the case of *Kourtni Nicole Beebe v. Nutribullet, L.L.C.*, et al. Case No. 2:17-cv-00828-FMO-AFM , I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment for contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint_____[print or type full name] of _____[print or type full address and _____[telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Order.

Date: _____       _____
                          City and State where sworn and signed

Printed Name: _____

Signature: _____

16.
STIPULATED PROTECTIVE ORDER