O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOURTNI NICOLE BEEBE, an individual, | ) Case No. 2:17-cv-00828-DDP-GJS ) |
| Plaintiff, | ) **ORDER RE: MOTIONS IN LIMINE** ) |
| v. | ) [Dkt. 296-298, 302-306, 310-312] ) |
| NUTRIBULLET, L.L.C., a California Limited Liability Corporation, | ) ) ) |
| Defendant. | ) ) |

///
///
///
///
///
///
///

1    Presently before the court are motions in limine filed by Plaintiff Kourtni Nicole
2    Beebe ("Plaintiff") and Defendants NutriBullet, LLC, Capital Brands, LLC, Homeland
3    Housewares, LLC, Call To Action, LLC, and NutriLiving, LLC (collectively,
4    "Defendants").  (Dkt. 296-298, 302-306, 310-312.)  Having considered the parties'
5    submissions and heard oral argument, the court adopts the following Order:

7    Plaintiff's Motion in Limine #1 (Dkt. 304) is GRANTED, in part, insofar as Plaintiff is
8    pursuing a design defect claim exclusively under the consumer expectations test.  If
9    Plaintiff pursues or presents evidence of a design defect claim under the risk-benefit test,
10   nothing in this Order shall prevent Defendants from presenting evidence pertaining to
11   that theory.  Defendants may introduce evidence describing in general terms, the
12   components of the product and how they fit and work together.  Defendants shall not
13   introduce evidence about the risks or benefits of the design, unless, as noted above,
14   Plaintiffs pursue that theory of liability.

16   Plaintiff's Motion in Limine #2 (Dkt. 305, 306) is GRANTED, in part.  Although evidence
17   of the safety history of the product, including the testimony of Dr. Wachs, is relevant to
18   Plaintiff's failure to warn claim, should that claim go forward, such evidence is irrelevant
19   to Plaintiff's design defect claim under the consumer expectations test, and shall not be
20   introduced in relation to that claim.  Should Plaintiff pursue her design defect claim
21   under the risk-benefit test, nothing in this Order shall prevent Defendants from
22   presenting such evidence.

24   Plaintiff's Motion in Limine #3 (Dkt. 310) is DENIED.

26   Plaintiff's Motion in Limine #4 (Dkt. 311) is DENIED, in part.  Dr. Macer's testimony shall
27   be limited to his opinion about Plaintiff's physical injuries.  Dr. Macer shall not testify

2

1  about Plaintiff's alleged mental health issues, including her alleged claim of post-
2  traumatic stress disorder.

4  Plaintiff's Motion in Limine #5 (Dkt. 312) is DENIED.

6  Defendants' Motion in Limine #1 (Dkt. 297) is DENIED.

8  Defendants' Motion in Limine #2 (Dkt. 298) is GRANTED, in part.  Plaintiff shall not refer
9  to any prior incidents, complaints, or lawsuits that involve Defendants' products.  The
10 court reserves as to the use of prior incidents for purposes of impeachment. <u>Cooper v.
11 Firestone Tire & Rubber Co.</u>, 945 F.2d 1103, 1105 (9th Cir. 1991).  Plaintiff must obtain
12 leave of the court prior to any such use.

14 Defendants' Motion in Limine #3 (Dkt. 302) is DENIED, in part.  Plaintiff may voire dire
15 Mr. Kitzes outside the presence of the jury before the court makes its final determination
16 as to the admissibility of Mr. Kitzes' testimony.  Plaintiff shall not refer to its failure to
17 warn claim before the jury before the court has ruled on the admissibility of Mr. Kitzes'
18 testimony.

20 Defendants' (SEALED) Motion in Limine #4 (Dkt. 296) is GRANTED.

22 Defendants' Motion in Limine #5 (Dkt. 303) is RESERVED for trial.  Should Plaintiff
23 pursue a claim for punitive damages, Defendants shall be permitted to present evidence,
24 including risk-benefit evidence, general product safety data, and other evidence
25 responsive to that claim.
26 ///
27  ///

28  3

**IT IS SO ORDERED.**

Dated: August 16, 2022

                                        DEAN D. PREGERSON
                                     UNITED STATES DISTRICT JUDGE